**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **RICHARD A. WARREN, individually** | ) | |
| **and on behalf of those similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:20CV48-PPS** |
| | ) | |
| **OASIS LIFESTYLE LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT, SETTLEMENT NOTICES AND SETTING SCHEDULE

Upon consideration and review of: (1) the Confidential Settlement and Release Agreement dated July 1, 2020 ("Settlement Agreement"), by and among Plaintiff Richard A. Warren and ("Plaintiff"), individually and as proposed representative of the proposed "Settlement Classes" defined below, on the one hand, and Defendant Oasis Lifestyle LLC ("Defendant" or "Oasis"), on the other hand; (2) the Exhibits to the Settlement Agreement; (3) the submissions of the parties in support of preliminary approval of the Settlement Agreement, the Court, upon due consideration, now finds that the proposed Settlement Agreement should be preliminarily approved pending notice to members of the Settlement Classes and a final hearing on whether the Settlement Agreement is fair, reasonable, and adequate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      The Joint Motion for Preliminary Approval of Class Action and FLSA Collective Action Settlement Agreement [DE 17] is GRANTED.

2.      Any terms not defined herein shall have the meanings set forth in the Settlement Agreement.

3.      The Court preliminarily approves the Settlement Agreement as within the range of possible approval by this Court, and as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case.  Such preliminary approval is without prejudice to the Court's final decision on the parties' motion to approve the Settlement Agreement after notice and hearing.

4.      For the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Rule 23(b)(3) Settlement Class, which is defined as follows:

> **Present hourly paid Oasis employees and former hourly paid Oasis employees who voluntarily terminated their employment and who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2018 through January 14, 2020 (the "Class Members").**

Excluded from the Rule 23 Settlement Class are any persons who timely opt-out of the Settlement Class.  The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, Plaintiff Warren as class representative and the following counsel as Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras & Miller LLP of Terre Haute, Indiana.

5.      For the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action portion of the Settlement Agreement, pursuant to 29 USC § 216(b), the Court certifies the FLSA Collective Action Settlement Class, which is defined as follows:

> **Present hourly paid Oasis employees and former hourly paid Oasis employees who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2018 through January 14, 2020 (the "FLSA Collective Action Settlement Class").**

The FLSA Collective Action Settlement Class shall only include those individuals who timely file written notice of their desire to participate in the settlement.  The Court further appoints, again for

the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action

portion of the Settlement Agreement, Plaintiff Warren as class representative and the following

counsel as FLSA Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of

Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras Miller LLP of Terre Haute,

Indiana.

6.     The proposed Notice of Class Action Settlement and the proposed Notice of

Settlement and Opportunity to File Consent to Join Form in the form attached to the Settlement

Agreements as Exhibit A and B and the manner of mailing and distribution of such notices, as set

forth in the Settlement Agreement, are hereby approved by this Court as the best notice practicable

to all members of the Settlement Classes who can be identified through reasonable effort, subject

to the method of filing objections.  The form and manner of notice comply with Federal Rule of

Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1) and the requirements of due

process.

Additionally, the Court orders that the Notice of Class Action Settlement shall be mailed

to the 262 eligible Rule 23 class members, consisting of current Oasis employees and those who

voluntarily resigned from employment.  The Notice of Settlement and Opportunity to File Consent

to Join Form shall be mailed to the 262 potential opt-in participants, consisting of those current

and former Oasis employees who were employed at any time between January 14, 2018 and

January 14, 2020.

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), a final fairness hearing

("Final Approval Hearing") shall be held before the undersigned on **December 18, 2020 at**

**10:00 a.m. Eastern time**, at the U.S. Courthouse, 102 Federal Building, 204 S. Main Street, South

Bend, Indiana 46601, for the purpose of considering the fairness, reasonableness, and adequacy of

the Settlement Agreement, and whether it should be finally approved, including the dismissal of all claims in this action against the Defendant with prejudice and without costs, and for the purpose of considering Class Counsel's application for an award of attorneys' fees, costs, and expenses. Because the FLSA Collective Action Settlement is tied to the Rule 23 Class Action Settlement, the final fairness hearing shall be used to give final consideration to the fairness of the FLSA Collective Action and no funds shall be calculated or distributed to FLSA opt-in plaintiffs until after such time as the Court conducts the final fairness hearing and issues its Final Order.

8.      Members of the Rule 23 Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class.  Those members of the Settlement Class who submit a valid request for exclusion from the Settlement Class in accordance with the terms of the Class Action Settlement Agreement no later than thirty (30) days after the date the Notice is mailed shall not participate in and shall not be bound by the Class Action Settlement Agreement.  Members of the Settlement Class who do not validly opt out of the Settlement Class shall be bound by all determinations and judgments in the action, whether favorable or unfavorable.

Members of the FLSA Collective Action Settlement Class shall be mailed Notice and a Consent to Join Form.  In order to timely opt-in and participate in the FLSA Collective Action Settlement, a participating FLSA Class Member must timely file a Consent to Join Form no later than thirty days after the date the Notice is mailed (expected to be on or by October 16, 2020).

9.      Rule 23 Settlement Class members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Class Action Settlement Agreement.  Any objection must: (i) be made in writing; (ii) contain the full name and current address of the person making the objection; (iii) contain the name and case number of the lawsuit, "*Richard A. Warren v. Oasis Lifestyle LLC*"; (iv) state the reasons for the objection; (v) be accompanied by any

4

evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (vi) be signed by the objector; and (vii) be sent by U.S. Mail, first class and postage prepaid, with a postmark no later than thirty (30) days after the date the Notice is mailed, to the Court.  Any member of the Rule 23 Settlement Class who does not timely object in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Action Settlement Agreement, including, without limitation, any award of attorneys' fees and costs to Class Counsel.

10.    Any request for intervention in this action for purposes of commenting on or objecting to the Class Action Settlement Agreement must meet the requirements set forth above for filing objections, must be accompanied by any evidence, briefs, motion or other material the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

11.    Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Settlement Class member, must be duly admitted to practice law in the State of Indiana, and must file a written appearance no later than sixty (60) days after the date of this Order. Copies of the appearance must be served on Class Counsel and counsel for Defendants in accordance with the Federal Rules of Civil Procedure.

12.    Class Counsel shall file a Notice of Class Action Opt-Outs, listing the names of all persons or entities who submitted an Opt-Out Request, no sooner than seventy-five (75) days from the date of this Order and no fewer than five (5) days prior to the Final Approval Hearing.  Class Counsel must also compile and file a Notice of FLSA Collective Action Opt-In Plaintiffs on a date no fewer than five (5) days prior to the Final Approval Hearing.

13.     **On or before December 7, 2020**, the parties shall file a Joint Motion for Final Approval of Class Action and FLSA Collective Action Settlement Agreement, and submit to the chambers mailbox (simon_chambers@innd.uscourts.gov) a proposed order in Word format. **On or before December 7, 2020**, Class Counsel shall file a Motion for Approval of the Attorneys' Fees, Costs and Expenses to be paid by Defendant under the terms of the Settlement Agreement, along with any supporting materials.

14.     No fewer than five (5) days prior to the Final Approval Hearing, any party may file a response to any objection or motion to intervene filed by a Settlement Class member.

15.     If Final Approval of the Settlement Agreement is not achieved, or if the Settlement Agreement is terminated for any reason whatsoever, all proceedings in connection therewith shall be without prejudice to the status quo ante rights of the parties in this action, and all Orders issued pursuant to the Settlement Agreement shall be vacated.

16.     The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.

SO ORDERED this 12th day of August, 2020.

　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　U.S. District Court Judge
　　　　　　　　　　　　　　　　　　for the Northern District of Indiana