**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| RICHARD A. WARREN, individually and on behalf of those similarly situated,<br><br>    Plaintiff<br><br>  vs.<br><br>OASIS LIFESTYLE LLC,<br><br>    Defendant | )<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) **FLSA COLLECTIVE ACTION**<br>) **COMPLAINT UNDER**<br>) **29 USC § 216(b)**<br>)<br>) CASE NO. 3:20-cv-48<br>)<br>)<br>)<br>) |

***PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM OF LAW SEEKING
FINAL APPROVAL OF CLASS ACTION AND FLSA COLLECTIVE ACTION
SETTLEMENT AGREEMENT***

## I. INTRODUCTION

Plaintiff, Richard Warren asserts claims which relate to the payment of wages to employees of Defendant Oasis Lifestyle LLC. ("Defendant," the "Company," or "Oasis") from January 14, 2018 to January 14, 2020. Specifically, the class includes non-exempt, hourly-paid persons employed by Defendant between January 14, 2018 and January 14, 2020 who may have been subject to illegal practices regarding the failure to pay for all compensable work time and/or the practice of making unlawful deductions, both of which resulted in the underpayment of wages. This Motion seeks final approval of the Class Action Settlement Agreement and Release (the "Class Action Settlement Agreement") that was preliminarily approved on August 12, 2020. [Filing No. 19.] Consistent with the Court's August 12, 2020 Order [Filing No.19.], this motion seeks final approval of the parties' Rule 23 Class and FLSA Collective Action settlement agreement, approval of incentive awards to certain plaintiffs, and provides a Plan of Allocation regarding the common fund created by the parties' settlement.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2020, Warren filed a Lawsuit against Oasis in the U.S. District Court for the Northern District of Indiana, Case No. 20-cv-48-PPS/MGG, asserting a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), and alleging separate Rule 23 class claims for purported violations of the Indiana Wage Assignment Statute ("IWAS"). On February 24, 2020, Warren filed an Amended Complaint, again asserting a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), omitting the prior IWAS Rule 23 class claims, and alleging separate Rule 23 class claims for unpaid wages under the Indiana Wage Payment Statute ("IWPS"). The Court issued an order on August 12, 2020 [Filing No. 19.] granting preliminary approval of the Class Action and FLSA Collective Action, certified classes, and ordered notice to class members.

From February 20, 2020 to May 13, 2020, the Parties engaged in settlement discussions in writing and via teleconference, after which the settlement described below ("Settlement") was reached as to all claims in the Litigation, as a result of extensive and arm's-length negotiations between the Parties and their counsel. The Settlement in principle was memorialized completely in a Settlement Term Sheet executed on June 2, 2020.

Before entering into the Settlement Term Sheet and this Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the claims, potential remedies, and all defenses thereto, including as to both the merits and collective action certification and class action certification. During the settlement negotiations, the Parties exchanged sufficient information, records, and data to permit the Parties and their respective counsel to evaluate the claims and potential defenses and engage in meaningful and informed settlement discussions.

The Settlement Agreement and all associated exhibits was made for the sole purpose of settling all claims brought or which could have been brought in the Litigation on a global basis. This Agreement is made in compromise of *bona fide* disputed claims. Because the Litigation was filed as a representative action and asserts claims under the FLSA and under Rule 23, it is being submitted to the Court for approval. Accordingly, the Parties enter the Settlement Agreement on a conditional basis. In the event the Court does not enter an order approving the Settlement, or in the event the associated Judgment does not become a final judgment for any reason, the Settlement Agreement shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any Party for any purpose whatsoever. Further, the negotiation, terms, and entry of this Agreement shall remain subject to the provisions of Rule 408 of the Federal Rules of Evidence and any other analogous rules of evidence that are applicable.

Plaintiff Warren believes that the claims settled herein have merit, but Plaintiff and Class and Collective Action Counsel (defined below) recognize and acknowledge the uncertain outcome and risk of any litigation. Plaintiff Warren also recognizes the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions as well as the difficulties and delay inherent in such litigation. Plaintiff Warren also believes that the settlement set forth in this Agreement confers substantial benefits upon Plaintiff Warren and other purportedly similarly situated individuals. Based on their evaluation of the above, Plaintiff Warren and his counsel have determined that the settlement set forth in the Agreement is in the best interest of the Plaintiff, the putative collective action members and the putative class action members.

Oasis vigorously denies and continues to dispute all claims and contentions alleged in the Litigation and denies any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiff, the putative collective action members and the putative class action members. Oasis

also vigorously denies and continues to dispute whether Plaintiff could ever conditionally certify his claims as a collective action or certify a class under Rule 23. However, Oasis also recognizes and acknowledges the risks and potential costs of continued litigation of the Litigation as well as the benefits of the proposed Settlement, and therefore desires to settle the Litigation upon the terms and conditions set forth in this Agreement.

Each Putative Collective Action Member (263 in number) were provided the opportunity to file an opt-in consent to join the Litigation, for purposes of participating in this Settlement Agreement. Eighteen (18) individuals actually chose to opt-in and receive their FLSA settlement. Additionally, each Putative Class Action Member (the same 263 individuals) were provided the opportunity to opt-out of the Litigation and/or object to this Settlement Agreement. No one opted out and no one objected.

The Class Action and Collective Action Settlement Agreement required the creation of the following settlement class and certification of the following settlement collective action for the purpose of effectuating the Agreement.

For those current employees and employees who voluntarily resigned employment with Oasis, the following class shall be formed under FRCP 23(b)(3):

> Present hourly paid Oasis employees and former hourly paid Oasis employees who voluntarily terminated their employment and who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2020 through January 14, 2020.

For all employees, including former employees who were involuntarily terminated from employment by Oasis, the following FLSA collective action shall be certified:

> Present hourly paid Oasis employees and former hourly paid Oasis employees who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2020 through January 14, 2020.

4

Each member of the settlement class and settlement collective action (which includes a combined 263 current and former Oasis employees) will receive at least $50.00 each and each FLSA opt-in settlement class member will additionally receive up to $5.00 per week for each week worked between January 14, 2018 and the date the settlement is approved.

The preliminarily approved Class Action Settlement Agreement required the creation of the following settlement classes for the purpose of effectuating the agreement.

1. <u>FLSA Collective</u>. The term "FLSA Collective" means any and all current and former employees who elected to participate in this Agreement and submitted a valid Claim Form before the Response Deadline, and who are or were employed by Defendant during the FLSA Collective Period, and who wore similar PPE to that worn by Plaintiff. The term "FLSA Collective Period" as used herein means the period from January 14, 2018 through January 14, 2020.

2. <u>Rule 23 Class</u>. The term "Rule 23 Class" means present hourly paid Oasis employees and former hourly paid Oasis employees who voluntarily terminated their employment and who wore similar PPE to that worn by Plaintiff, and who worked at any time from January 14, 2018 through January 14, 2020.

**a. Class Participation Following Notice of the Class Action Settlement**

Consistent with the Court's orders, Notice of the Class Action and FLSA Collective Action Settlement were mailed to Rule 23 class members and potential FLSA opt-in Plaintiffs on September 15, 2020. Claim Forms were mailed as part of that Notice. As the Court ordered [Filing No. 19.], the class was provided Notice that any objections or opt out notices were due by no later than October 15, 2020. Finally, Claim Forms (opting in to the FLSA collective action) were due on or before October 15, 2020.

5

Eighteen (18) Claim Forms were returned by class members seeking payment under the FLSA collective action portion of the settlement. Those claim forms were filed with the Court as received.

No individuals notice with the Court and/or sent notice to Plaintiff' counsel indicating that he/she wishes to opt out of the Rule 23 class action settlement.

To the undersigned's knowledge and information, no one has filed any objection to the settlement itself, to the proposed payments to class members, to the proposed attorney's fees and expense reimbursements or to the proposed service awards to lead Plaintiff.

### b. Plan of Allocation

Based upon the parties' Class Action Settlement Agreement, preliminarily approved on August 12, 2020 [Filing No. 19.], the class action common fund shall be allocated as follows, based upon current opt in and opt out claims filed:

**PLAN OF ALLOCATION**

TOTAL PAYMENT -                                    $   55,117.14

    Agreed-Upon Attorney's Fees and Costs
    (Not to Exceed $35,000.00) -                 $   35,000.00

    A.   Payment of Incentive/Service Award
         to Richard Warren -                       $   5,000.00

    B.   Payment to FLSA Opt-In Plaintiffs       $   2,867.14
         (Listed Individually Below) Plus
         Payment of Rule 23 $50 Settlement

| Name | FLSA | Rule 23 | Total |
|---|---|---|---|
| 1. Richard Warren | $37.86 | $50.00 | $87.86 |
| 2. Lloyd Flower | $521.43 | $50.00 | $571.43 |
| 3. Robert Raven | $85.71 | $50.00 | $135.71 |
| 4. Jamar Hammonds | $82.14 | $50.00 | $132.14 |

|    |                              |           |         |           |
|----|------------------------------|-----------|---------|-----------|
| 5. | Patricia Barragon Herrera    | $38.57    | $50.00  | $88.57    |
| 6. | William Miller               | $69.29    | $50.00  | $119.29   |
| 7. | William Brady, Jr.           | $10.00    | $50.00  | $60.00    |
| 8. | Amy Hopkins                  | $113.57   | $50.00  | $163.57   |
| 9. | Barrett Frost                | $219.29   | $50.00  | $269.29   |
| 10.| Ana Muro                     | $28.57    | $50.00  | $78.57    |
| 11.| Jamie Reynolds               | $225.71   | $50.00  | $275.71   |
| 12.| Timothy Pirtle               | $27.14    | $50.00  | $77.14    |
| 13.| Debra Burke                  | $10.71    | $50.00  | $60.71    |
| 14.| John Lullenberg              | $144.29   | $50.00  | $194.29   |
| 15.| Anthony Norris, Jr.          | $2.14     | $50.00  | $52.14    |
| 16.| Aaron Bailey                 | $28.57    | $50.00  | $78.57    |
| 17.| William Deason               | $181.43   | $50.00  | $231.43   |
| 18.| Kaylee Patterson             | $140.71   | $50.00  | $190.71   |
| **Totals** |                      | **$1,967.14** | **$900.00** | **$2,867.14** |

C.   Payments of $50.00 to Each Remaining
     Rule 23 Class Member (245 Total)                    $    12,250.00

**c. Incentive/Service Payments to Class Representatives**

The Court preliminarily approved Service Payments to the Named Plaintiff, in recognition of the time they spent and the risk they undertook in prosecuting this lawsuit, and their service to the Settlement Class. Those Service Payments are as follows:

A payment of $5,000.00 to Plaintiff Richard A. Warren. Mr. Warren is the original Plaintiff and the Representative Plaintiff in the FLSA Collective Action and the Rule 23 Class Action. Mr. Warren participated in all stages of the litigation and in negotiation of this settlement. Without Mr. Warren, no class member would have made a recovery.

### III.   LEGAL ARGUMENT

### A.  *The Court Should Grant Final Approval of the Class Action Settlement*

The Class Action and FLSA Collective Action Settlement Agreement was negotiated at

7

arms'-length, and the terms are favorable to all class members when compared with the potential benefits and risks of further litigation. See *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). For FLSA purposes, the Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. Id. The following factors are to be considered:

> "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation."

*Id.*

For purposes of approving a Rule 23(b)(3) class action settlement, a class settlement must be "fair, adequate and reasonable." FRCP 23(e)(2). The Court is to act as a fiduciary to the class members when considering whether the settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014). As one district court within the Seventh Circuit recently articulated:

> In assessing a settlement's fairness, "relevant factors include: (1) the strength of the case for Plaintiff on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed."

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, MDL No. 2492, 2016 WL 305380, at *6 (N.D. Ill. Jan. 26, 2016) (quoting *Wong*, 773 F.3d at 863). Federal courts naturally favor the settlement of class action litigation. *See EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-889 (7th Cir. 1985) (noting "the general policy favoring voluntary settlements of class action disputes") (citations omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516,

8

535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged.") (citations omitted); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 13.1 (5th ed. Supp. 2015) (noting that there is "a 'strong judicial policy in favor of class action settlement'"); *id.* at § 13.44 ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals. Settlement is generally favored because it represents a compromise reached between the parties to the suit and relieves them, as well as the judicial system, of the costs and burdens of further litigation."). Where, as here, "the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re Nat'l Collegiate Athletic Ass'n*, 2016 WL 305380, at *6.

In the present case, the Class Action Settlement Agreement meets the fairness requirements for multiple reasons. First, prior to entering into the settlement, the Parties engaged in significant early discovery, involving a substantial sample size group of Oasis employees. Each side was able to project potential damages. This enabled the Parties to determine the scope of potential damages and to assess the strengths and weaknesses of their respective positions.

Second, in light of the assessment of the strengths and weaknesses of their applicable positions, the settlement reached by the Parties provides a significant recovery of class-wide unpaid wages plus some additional amounts toward liquidated damages. The parties disagreed about both liability and the likely damages if the Plaintiff's claims were successful, but the sum pays actual damages to every class member plus additional sums toward liquidated damages, and that is if everything went perfectly for Plaintiff in the litigation (class certification of state law claims from multiple states, significant FLSA opt-in rates, etc…). As the Court would expect,

9

Plaintiff' maximum or "best possible recovery" figure was premised upon 100% participation in both the Rule 23 class action and the FLSA collective action, but 100% participation was highly doubtful, particularly in the FLSA collective action. In fact, slightly less than 7% opted-in to the FLSA settlement.

"Courts have approved settlements even though, unlike here, the benefits amounted to only a small percentage of the potential recovery." *Goldsmith v. Tech. Solutions Co.*, No. 92 C 4374, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995) (citations omitted); *see also Reamer*, 2014 WL 6388735, at **2, 8 (granting preliminary approval of settlement that awarded one hundred percent of wages deducted and about one third of the maximum liquidated damages available under Indiana law); *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (approving settlement of 20% of the best possible recovery and noting courts have approved settlements amounting to 15% and 17% of the best possible recovery) (citations omitted); *Godshall v. Franklin Mint. Co.*, No. 01-CV-6539, 2004 WL 2745890, at *5 (E.D. Pa. Dec. 1, 2004) (finding proposed settlement amount of 46% of the best possible outcome to be reasonable); *In re Newbridge Networks Sec. Litig.*, No. Civ. A. 94-1678-LFO, 1998 WL 765724, at *2 (D.D.C. Oct. 28, 1998) (stating that an agreement securing between six and twelve percent of the potential trial recovery "seems to be within the targeted range of reasonableness").

Third, all involved would benefit from settlement as it provides a means of avoiding the reality of protracted and uncertain litigation on the issues involved in this case. Adding to the reasonableness of the settlement, and to quote from the Northern District of Indiana, "class members will obtain these benefits much more quickly than had the parties not settled," and "even if the case reached trial, the class members would not receive benefits for many years, if they

10

received any at all." *Id.* at *7 (quoting *Swift v. DirectBuy, Inc.*, Nos. 2:11-cv-401, 2:11-cv-415, 2:11-cv-417, 2:12-cv-45, 2013 WL 5770633, at *5 (N.D. Ind. Oct. 24, 2013)).

Finally, no one has objected to the settlement. No one opted out of the Rule 23 settlement.

### B. A Service Awards to Lead Plaintiff Is Reasonable and Warranted

"Service or incentive awards serve the important purpose of compensating Plaintiff for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the Plaintiff. *Knox v. Jones Group*, 2017 WL 3834929 *2 (S.D. Ind. Aug. 31, 2017). See also, *Espenscheid v. DirecSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing the importance of incentive awards). "Accordingly, incentive awards are commonly awarded to those who serve the interests of the class." *Knox*, 2017 WL 3834929 at *2, citing *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655 *8 (E.D.N.Y. Nov. 20, 2012) (collecting cases). "In examining the reasonableness of the requested service award, courts consider: (1) the actions the plaintiff has taken to protect the interests of the class, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiff expended in pursuing the litigation." *Knox*, 2017 WL 3834929 at *2, citing *Cook*, 142 F.3d at 1016; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727 *16 (N.D. Ill. Feb. 28, 2012).

The agreed-upon, up to $100,000.00 class and collective action settlement would not have been possible without Indiana Lead Plaintiff Warren. Mr. Warren was the original lead plaintiff who initiated the case. He participated at all stages in gathering information, locating witnesses, participating in planning, discovery and, ultimately, making decisions regarding the settlement. The $5,000 service award agreed to by the parties and preliminarily approved by the Court is well

11

within the realm of reasonableness of similar service awards within our Circuit.  See *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566 * 3 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service award to two Plaintiff in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Co.*, 2016 WL 7451623 **3-4 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four Plaintiff in FLSA settlement for a total of $40,000 in service awards). *Chesemore v. Alliance Holdings, Inc*., 2014 WL 4415919 **5, 12 (W.D. Wis. Sept. 5, 2014) ($10,000 and $25,000 awards for, *inter alia*, submitting to discovery and participating in settlement discussions).

Finally, incentive awards must be paid from the common fund.  *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015).  Plaintiff requests final approval of the service award to the Lead Plaintiff.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff requests that, after conducting the Final Fairness Hearing on December 18, 2020, the Court grant Final Approval of the Class Action Settlement Agreement, which was preliminarily approved on August 12, 2020 [Filing No. 19.], grant all requested attorney's fees, costs, expenses and Lead Plaintiff service awards, and order that class common funds be distributed to all participating class members.  Plaintiff requests any and all other relief just and proper in the premises.

    Respectfully submitted,

    HASSLER KONDRAS MILLER LLP

    By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr., Attorney No. 18038-84
    100 Cherry Street
    Terre Haute, IN 47807
    (812) 232-9691
    Facsimile: (812) 234-2881

        kondras@hkmlawfirm.com

        The Law Office of Robert J. Hunt, LLC
        Robert J. Hunt
        1905 S. New Market Street, Suite 168
        Carmel, IN 46032
        (317) 743-0614
        (317) 743-0615 Facsimile
        rob@indianawagelaw.com

        **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing pleading was filed with the Court electronically on December 7, 2020. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark Wallin, mark.wallin@btlaw.com

Peter Wozniak, peter.wozniak@btlaw.com

        /s/Robert P. Kondras, Jr.
        Robert P. Kondras, Jr.