UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. WARREN, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   CASE NO. 3:20CV48-PPS/MGG |
| OASIS LIFESTYLE LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER GRANTING FINAL APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

The Court held a Fairness Hearing in this matter and a hearing on the Plaintiff's Motion Seeking Final Approval of Class Action and FLSA Collective Action Settlement Agreement [DE 28] and Petition for Approval of Attorneys' Fees [DE 26] on December 18, 2020. Plaintiff Richard A. Warren was present by counsel Robert P. Kondras, Jr. and Robert J. Hunt. Defendant Oasis Lifestyle LLC was present by counsel Peter Wozniak.

The settlement in this matter encompasses claims brought as a collective action under the Fair Labor Standards Act ("FLSA"), and claims brought under the Indiana Wage Payment Statute ("IWPS") as a Fed. R. Civ. P. 23 class action. The parties presented argument regarding final approval of the settlement, including the number of class members who submitted FLSA opt-in claim forms, details regarding the payments that will be made to members of the collective action and the class actions, and the amount of attorneys' fees and costs sought by the Plaintiff's counsel. Plaintiff's counsel moved for final approval of the Settlement Agreement. For the reasons set forth below, the Court **GRANTS** the Plaintiff's December 7, 2020 Petition for Approval of Attorneys' Fees [DE 26], and **GRANTS** Final Approval of the Settlement

1

Agreement, which was preliminarily approved on August 12, 2020 [DE 19].

**FINAL APPROVAL OF THE PARTIES' FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION SETTLEMENT AGREEMENT IS GRANTED, AND THE COURT ISSUES THE FOLLOWING ORDERS:**

1. Any terms not defined herein shall have the meanings set forth in the Class Action and FLSA Collective Action Settlement Agreement.

2. The Court approves the Class Action and FLSA Collective Action Settlement Agreement as within the range of possible approval by this Court, and as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case. Notice of the settlement was mailed to all potential participants. No objections were made to the settlement and no class member chose to opt out of the settlement.

3. For the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Rule 23(b)(3) Settlement Class, which is defined as follows:

> **Present hourly paid Oasis employees and former hourly paid Oasis employees who voluntarily terminated their employment and who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2018 through January 14, 2020 (the "Class Members").**

The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the Class Action Settlement Agreement, Plaintiff Warren as class representative and the following counsel as Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras & Miller LLP of Terre Haute, Indiana.

4.       For the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action portion of the Settlement Agreement, pursuant to 29 USC § 216(b), the Court certifies the FLSA Collective Action Settlement Class, which is defined as follows:

> **Present hourly paid Oasis employees and former hourly paid Oasis employees who wore similar PPE to that worn by Plaintiff Warren, who worked at any time from January 14, 2018 through January 14, 2020 (the "FLSA Collective Action Settlement Class").**

The FLSA Collective Action Settlement Class includes those eighteen (18) individuals who timely filed written notice of their desire to participate in the settlement.  The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action Settlement Agreement, Plaintiff Warren as class representative and the following counsel as FLSA Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras Miller LLP of Terre Haute, Indiana.

5.       **Attorney Fee Award**.  The Court approves Plaintiff's Counsels' combined, lodestar-based attorney's fees and costs in the agreed upon amount of Thirty Five Thousand Dollars ($35,000.00).  Any additional class administration costs will be borne by Plaintiff's counsel.  Plaintiff was represented by Robert J. Hunt of the Law Office of Robert J. Hunt, LLC of Carmel, Indiana and Robert P. Kondras, Jr. of Hassler Kondras Miller LLP of Terre Haute, Indiana.  The fees are reasonable, based upon itemized bills that the two law firms submitted for work on this litigation.  The fees were negotiated as part of this settlement, and the fees were only slightly less than the combined itemized bills of Plaintiff's two law firms.  Fees shall be paid within ten (10) days of the Court's final approval of the settlement agreement.

6.       **Service Awards to the Lead Plaintiff**.  The Court grants final approval of the

agreed-upon service awards to the lead plaintiff Richard A. Warren in the sum of Five Thousand Dollars ($5,000.00).  The payment shall be made within ten (10) days of the Court's final approval of the settlement agreement.

       7.      Settlement Payments to Participating FLSA Opt-In Plaintiffs and to Rule 23 Class Members.

            a.      The following FLSA opt-in plaintiffs shall be paid FLSA damages plus their individual Fifty Dollar ($50.00) Rule 23 class action payment, in the following sums:

| | Name | FLSA | Rule 23 | Total |
|---|---|---|---|---|
| 1. | Richard Warren | $37.86 | $50.00 | $87.86 |
| 2. | Lloyd Flower | $521.43 | $50.00 | $571.43 |
| 3. | Robert Raven | $85.71 | $50.00 | $135.71 |
| 4. | Jamar Hammonds | $82.14 | $50.00 | $132.14 |
| 5. | Patricia Barragon Herrera | $38.57 | $50.00 | $88.57 |
| 6. | William Miller | $69.29 | $50.00 | $119.29 |
| 7. | William Brady, Jr. | $10.00 | $50.00 | $60.00 |
| 8. | Amy Hopkins | $113.57 | $50.00 | $163.57 |
| 9. | Barrett Frost | $219.29 | $50.00 | $269.29 |
| 10. | Ana Muro | $28.57 | $50.00 | $78.57 |
| 11. | Jamie Reynolds | $225.71 | $50.00 | $275.71 |
| 12. | Timothy Pirtle | $27.14 | $50.00 | $77.14 |
| 13. | Debra Burke | $10.71 | $50.00 | $60.71 |
| 14. | John Lullenberg | $144.29 | $50.00 | $194.29 |
| 15. | Anthony Norris, Jr. | $2.14 | $50.00 | $52.14 |
| 16. | Aaron Bailey | $28.57 | $50.00 | $78.57 |
| 17. | William Deason | $181.43 | $50.00 | $231.43 |
| 18. | Kaylee Patterson | $140.71 | $50.00 | $190.71 |
| | Totals | $1,967.14 | $900.00 | $2,867.14 |

            b.      The remaining 245 Rule 23 Class Members (who did not separately opt-in to the FLSA collective action), shall each receive a payment of Fifty Dollars ($50.00), with payments totaling $12,250.00.

Checks will be mailed as expeditiously as possible, but within thirty (30) days of the Court's final approval of this settlement.

8. FLSA collective Action settlement agreements must be approved by the Court. 29 U.S.C. § 216(b)-(c); see also *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which are undertaken in good faith by counsel...and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id*. The following factors should be considered:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc*., 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and the Plan of Allocation, and considering the information presented by counsel at the hearing, the Court finds the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- Plaintiff's counsel were diligent, and used all reasonable efforts, in attempting to locate class members;

- The response rate to the notices that were sent to the FLSA collective action members and the Rule 23 class members indicates that the method of notice was effective;

- No individuals filed objections to settlement;

- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount is reasonably close to the maximum average amount each individual could obtain if the cases were litigated individually;

- The fees and costs Plaintiff's counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiff's counsel and his clients and are fair and reasonable, based on the amount of work counsel undertook in this litigation, a reasonable hourly rate, and the amount of fees and costs actually incurred;

- The parties have negotiated the amount of attorneys' fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.,* 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.,* 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

**ACCORDINGLY:**

The Court **GRANTS** Plaintiff's Petition for Approval of Attorneys' Fees in Class and FLSA Collective Action Settlement [DE 26], and Plaintiff's Motion for Final

Approval of Class Action and FLSA Collective Action Settlement Agreement [DE 28].

The Court gives **FINAL APPROVAL** of the Parties' Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement as to Plaintiff's counsel fees and costs.

Final judgment shall enter accordingly.

Payments to class members under the Settlement Agreement and this Order shall commence in a manner consistent with this Order's deadlines.

SO ORDERED this 18th day of December, 2020.

    /s/ Philip P. Simon    .
The Honorable Philip P. Simon
U.S. District Court
Northern District of Indiana